IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA 2010 FEB 23 P 1: 08

| | | |
|---|---|---|
| Levi Bing, Jr., #308051, | ) | C/A No. 2:09-1759-RBH-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Anthony Padula, Warden, Lee Correctional, | ) | |
| | ) | |
| Respondents. | ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought
by a state prisoner represented by counsel is before the
undersigned United States Magistrate Judge for a report and
recommendation on the respondent's motion for summary judgment
filed on October 8, 2009. 28 U.S.C. § 636(b).

The petitioner, Levi Bing, #308051, is presently confined in
Lee Correctional Institution of the South Carolina Department of
Corrections pursuant to orders of commitment of the Orangeburg
County Clerk of Court. Petitioner was indicted at the March 1,
2004, term of the Orangeburg County Grand Jury for Murder (03-GS-
38-2411); Grand Larceny (03-GS-38-2412); and Possession of a
Weapon during the Commission of a Violent Crime (03-GS-38-2413).
App.p. 187-192. Petitioner was represented by John Delgado,
Esquire, and Michael R. Culler, Jr., Esquire. The solicitor
served the Petitioner with a notice of intent to seek the death

penalty.  On March 14, 2005, Petitioner entered a negotiated plea of guilty to the charges. App.p. 1-23.  He was sentenced by the Honorable Deadra L. Jefferson to confinement for concurrent periods of forty (40) years for Murder, ten (10) years for Grand Larceny and five (5) years for Possession of a Weapon. App.p. 22-23.  A notice of appeal from the guilty plea would have had to been served by March 24, 2005. SCACR Rule 203.  Petitioner did not appeal his conviction or sentence.  The conviction was final for purposes of 28 U.S.C. § 2244 on March 24, 2005.

The petitioner made an application for post conviction relief in Orangeburg County on March 7, 2006, 348 days after his conviction became final. App.p. 25.  In the pro se application, the Petitioner alleged as grounds for relief:

      I.   Ineffective Assistance of Counsel

      II.   Involuntary Guilty plea

The petitioner provide no specifics regarding either ground. App.p. 27, see also App.p. 39.  The Respondents made a Return on March 27, 2007. App.p. 32-36.

On June 25, 2007, an evidentiary hearing was held in the matter before the Honorable Diane S. Goodstein, Presiding Judge. App.p. 37-162.  The petitioner was present and testified, represented by Belinda Davis Branch, Esquire.  Testimony was also received from John Delgado, Michael Culler, and Levi Bing, Sr. At the conclusion of the hearing, Judge Goodstein took the matter

under advisement. App.p. 161-162.

On September 7, 2007, Judge Goodstein entered a written Order of Dismissal in the matter. App.p. 178-186.

The petitioner appealed the dismissal to the South Carolina Supreme Court and was represented by Wanda H. Carter, Deputy Chief Appellate Defender of the South Carolina Commission on Indigent Defense. On January 5, 2009, counsel made a "Johnson Petition for Writ of Certiorari and Petition to Be Relieved as Counsel" asserting as the sole ground:

> "The PCR court erred in denying petitioner's allegation that he did not voluntarily and intelligently waive his right to a direct appeal in the case."

Johnson Petition, p. 2. The petitioner made an "Initial Pro Se Brief of Petitioner" on January 27, 2009, in which he raised the following issue:

> Whether the (PCR) judge erred, by failing to find defense counsel ineffective, for advising petitioner with incorrect parole eligibility that induced involuntary plea?

Initial Pro Se brief Statement of Issue, p. 3.

On June 10, 2009, the Supreme Court of South Carolina entered an order denying the petition for writ of certiorari after review pursuant to Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988) and granting appellate counsel's request to be relieved. Levi Bing, Jr. v. State, Order (S.C.S.Ct. June 10, 2009)(order denying certiorari under Johnson v. State). The

3

remittitur was entered June 29, 2009.

The Petition for writ of habeas corpus was received on July 1, 2009, and is timely under 28 U.S.C. §§ 2244, 2254.

The following exhibits have been made part of the record here:

>1. <u>Johnson</u> Petition for Writ of Certiorari.
>
>2. "Initial <u>Pro Se</u> Brief of Petitioner," January 27, 2009.
>
>3. <u>Levi Bing, Jr. v. State</u>, Order (S.C.S.Ct. June 10, 2009)(order denying certiorari under <u>Johnson v. State</u>)
>
>4. Remittitur Letter, June 29, 2009.
>
>5. PCR Appendix, 192 pages.

II.

In the <u>pro se</u> petition[1] for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner made the following allegation as to why he is being held in custody unlawfully:

>**Ground One:** I received ineffective assistance of counsel prior to and during my guilty pleas in violation of my Sixth and Fourteenth Amendment rights. My plea was involuntary because of it.
>
>Supporting Facts: "My lawyer told me if I plead guilty to murder I would be eligible for parole. I never would have plead to my charges if he hadn't promised me I could have a chance to get parole. I would have gone to trial which is what I really wanted to begin with. He promised me and my family I would have a parole date and I did not find out I don't till I got to SCDC. Lawyer admitted he

---

[1] Petitioner's attorney noticed her appearance in this matter on July 27, 2009.

4

thought I was parole eligible at my PCR hearing.

The respondent filed a motion for summary judgment on October 8, 2009, to which the petitioner filed his opposition on November 23, 2009. Hence it appears consideration of the summary judgment motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed.R.Civ.P. 56(c). To avoid summary judgment on defendants' motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he

5

evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, Id. at 255, 106 S.Ct. at 2513-14.

## APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action filed in 2009. Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The Supreme Court expounded upon this language in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). Writing for the

6

majority with respect to this matter, Justice O'Connor stated that a state court's decision can be contrary to the Supreme Court's precedent in two ways: first, "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law. Second, a state-court decision is also contrary to the Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" that of the Supreme Court. Id. at 1519.

Justice O'Connor further stated that "[t]he text of § 2254(d)(1) ... suggests that the state court's decision must be substantially different from the relevant precedent of the Court." Id. She added that a "state-court decision will also be contrary to the Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court precedent." Id. at 1519-20. Even if "the federal court considering the prisoner's habeas application might reach a different result applying" relevant Supreme Court precedent, so long as the state court applied the correct legal rule from Supreme Court cases, such a "run-of-the-mill" state court decision could not be deemed "contrary to" Supreme Court precedent. Id. at 1520.

As for the "unreasonable application" prong of § 2254(d)(1),

7

Justice O'Connor stated that a state court decision involves an unreasonable application of the Court's precedent if "the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of the Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. Justice O'Connor added that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522. In making the "unreasonable application" inquiry, "a federal habeas court ... should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

In another change brought by the AEDPA, 28 U.S.C. § 2254(e)(1) now states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. ... The touchstone

8

for a reasonable determination is 'whether the determination is at least minimally consistent with the facts and circumstances of the case.'" Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir.), cert. denied, 522 U.S. 819 (1997).

## THE HABEAS CORPUS EXHAUSTION REQUIREMENT

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas corpus. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375, 118 S.Ct. 1352 (1998), citing Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977); see also, 28 U.S.C. § 2254(b). The theory of exhaustion is based on 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions. See generally, O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, (1999). The court's exhaustion requirements under § 2254 are explained in Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir.), cert. denied, 522 U.S. 833, 118 S.Ct. 102 (1997). In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider

only those issues which have been properly presented to the highest state courts with jurisdiction to decide them.  The burden of proving that a claim has been exhausted lies with the petitioner.  The exhaustion requirement, though not jurisdictional, is strictly enforced. (Citations omitted).

Additionally, a claim has not been exhausted unless the substance of a petitioner's claim is "fairly presented" to the state courts.  The Matthews court explained, "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.  Oblique references which hint that a theory may be lurking in the woodwork will not suffice.  In other words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court."  Matthews v. Evatt, 105 F.3d at 911.

In order to exhaust his collateral claims in state court, a South Carolina habeas corpus petitioner must pursue a direct appeal and/or file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 - 160.  As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."  In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454,

10

454 (1990).

Petitioner here did not have a direct appeal. Petitioner did have a full round of PCR proceedings. His PCR application was denied at the trial court level, and he had a timely petition for a writ of certiorari. The South Carolina Supreme Court denied the petition. Petitioner has no remaining state remedies which can be pursued.

## PROCEDURAL DEFAULT

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural default of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. See, e.g., Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661 (1986).

Procedural default can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Furthermore, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed,

11

he is barred from proceeding in state court. A petitioner must also raise all grounds raised but denied at the PCR hearing level in his subsequent petition to the South Carolina Supreme Court for a writ of certiorari from the denial of PCR if he is to preserve them for consideration here. Issues preserved for review in the South Carolina Supreme Court must have been raised to, and ruled on by the PCR judge.

## THE RELATIONSHIP BETWEEN EXHAUSTION AND PROCEDURAL DEFAULT

If a petitioner in federal court has failed to raise a claim in state court at the appropriate juncture, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed (or defaulted) his opportunity for relief in the state courts. Under these circumstances, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833, 118 S.Ct. 102 (1997), citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546 (1991); Teague v. Lane, 489 U.S. 288, 297-98, 109 S.Ct. 1060 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague v. Lane, 489 U.S. at 297-98.

## EXCUSING PROCEDURAL DEFAULT

Notwithstanding the foregoing, the requirement of exhaustion is not jurisdictional, and a federal court may consider claims which have not been presented to the highest South Carolina court with jurisdiction to hear the claim in very limited circumstances. <u>Cranberry v. Greer</u>, 481 U.S. 129, 131, 107 S.Ct. 1671 (1989). A federal court will review a procedurally defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice therefrom, or his actual innocence of the crimes for which he is being held. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991). In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n. 24, 119 S.Ct. 1936 (1999), quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). A petitioner must show reasonable diligence in pursuing his claim to establish cause. <u>Hoke v. Netherland</u>, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Moreover, the claim of cause must itself be exhausted. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Next, with respect to establishing "actual prejudice," a

petitioner generally must show some error. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054, 121 S.Ct. 661 (2000). In addition, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm, to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), aff'd, 521 U.S. 151, 117 S.Ct. 1969 (1997). To prevail under this theory, a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). A petitioner may establish actual innocence as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997). It is a habeas petitioner's burden to raise cause and prejudice or actual innocence; if these are not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171, 116 S.Ct. 1575 (1996).

### DISCUSSION

A review of the record and relevant case law reveals that the respondent's motion should be granted because his claim has been procedurally defaulted and cannot be reviewed here on the merits.

14

Petitioner's sole ground for relief is:

**Ground One:** I received ineffective assistance of counsel prior to and during my guilty pleas in violation of my Sixth and Fourteenth Amendment rights. My plea was involuntary because of it.

Supporting Facts: "My lawyer told me if I plead guilty to murder I would be eligible for parole. I never would have plead to my charges if he hadn't promised me I could have a chance to get parole. I would have gone to trial which is what I really wanted to begin with. He promised me and my family I would have a parole date and I did not find out I don't till I got to SCDC. Lawyer admitted he thought I was parole eligible at my PCR hearing.

In his habeas petition, the petitioner contends that his lawyer misadvised him prior to his plea that he would be eligible for parole and had he received the correct information he would not have pled guilty. Therefore his guilty plea was involuntary.

However, a review of the petitioner's application for PCR did not contain any such claim. (App. 165-177). It merely raised "ineffective assistance of counsel" without indicating what portion of his lawyers' representation he was challenging.

Additionally, Petitioner wrote to his lawyer prior to the PCR hearing advising her that he wanted to amend his PCR application and that letter was admitted at the PCR hearing as exhibit 1 without opposition. App. p. 162, 164-177). That thirteen page amendment did not assert that Petitioner's plea was involuntary as a result of his counsels' ineffectiveness in telling him he would be eligible for parole at any point.

In its pertinent part, Judge Goodstein's order did not

15

address this specific claim or even mention the word "parole":

The Applicant, the Applicant's former plea counsels John Delgado, Esquire and Michael R. Culler, Esquire and Applicant's father testified at the PCR evidentiary hearing. The Court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court reviewed the Clerk of Court records regarding the subject conviction, the Applicant's records from the South Carolina Department of Corrections, the application for postconviction relief, the transcripts and documents from the prior proceedings, and legal arguments of counsel. Pursuant to S.C. Code Ann. 17-27-80 (1985), this Court makes the following findings of fact based upon all of the probative evidence presented. **Allegation of involuntary plea as a result of ineffective assistance of counsel.**

The allegation that the Applicant's guilty plea was rendered involuntary as the result of ineffective assistance of counsel is without merit. This Court finds that every aspect of the Applicant's testimony regarding the deficiencies of his counsels' representation was not credible.

The Applicant testified at the PCR hearing that plea counsels were ineffective for failing to investigate and review with him a gas station surveillance video near the crime scene. Applicant testified counsels refused to allow him to see the video. Applicant also testified counsels were ineffective for failing to interview witnesses. Specifically, Applicant testified counsels should have investigated witness Shameka Lewis (Ms. Lewis). Applicant further testified his plea was not voluntary and he hesitated on his answers during the plea. Applicant also stated counsels would give the Applicant and his family conflicting information. Applicant further testified counsels failed to investigate another truck seen leaving the scene of the crime.

On cross-examination, Applicant admitted that he pled guilty and that he informed the plea judge that he was satisfied with his attorneys. Applicant also testified he admitted to the crime and acknowledged his counsels explained his rights at the plea.

John Delgado (Mr. Delgado) testified they met with the Applicant on dozens of occasions. Mr. Delgado indicated they did everything possible in this case to prevent Applicant from receiving the death penalty. Mr. Delgado also testified they received and reviewed discovery with the Applicant. Mr.

16

Delgado indicated he discussed the surveillance video with the Applicant. Counsel testified he would never tell a client he could not view evidence. Mr. Delgado further testified he obtained experts through the Office of Appellate Defense to assist in the investigation of the case. Counsel indicated he hired a private investigator to assist in obtaining witness statements. Counsel testified Applicant admitted what was on video. Counsel indicated in his opinion, he did not believe Ms. Lewis would have been beneficial to the Applicant at a trial. Mr. Culler testified he did not recall the Applicant requesting the counselors to interview Ms. Lewis. However, Mr. Culler further testified he did not believe Ms. Lewis's testimony would have been significant for the Applicant. Both counsels testified they investigated the truck seen leaving the crime but were unable to get any details with regard to the owner or driver of the alleged truck.

Mr. Delgado acknowledged the evidence against the Applicant was very strong. Mr. Delgado testified the Applicant was with the victim a half an hour prior to the crime; the Applicant purchased the gun linked to the crime; and the Applicant possessed the car stolen in the crime. Both Mr. Delgado and Mr. Culler testified the Applicant admitted shooting the victim. Mr. Delgado also testified he did not observe any hesitancy in the Applicant's plea.

Mr. Delgado further testified that the Applicant gave numerous conflicting accounts of what occurred during the crime. Mr. Delgado and Mr. Culler testified they was so concerned with the implications of the Applicant's conflicting statements, they consulted an ethics professor regarding their duties as officers of the court.

This Court finds that Applicant's testimony was not credible. Further, this Court finds that plea counsels' testimony was credible and this Court affords it great weight. This Court finds that the transcript and counsels' testimony shows that Applicant understood the consequences of a guilty plea, his Constitutional rights, and the possible sentences. This Court finds that trial counsel was not deficient in any aspect of her representation and performed well within reasonable professional norms for a criminal defense attorney. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Hill v. Lockhart. This Court further finds the Applicant also failed to carry his burden of proof to show that but for trial counsel's alleged deficient representation he would have not pled guilty but would have insisted on going to trial. Roscoe v. State. Furthermore, this Court finds the Applicant's guilty plea was knowingly and voluntarily made. Boykin v. Alabama;

17

> Pittman v. State. Therefore, the Applicant's guilty plea was not rendered involuntary as a result of the ineffective assistance of counsel. Applicant failed to produce Ms. Lewis at the PCR hearing. This Court finds the Applicant's testimony to what Ms. Lewis would have testified to had he proceeded to trial to be purely speculative. Accordingly, the allegation of involuntary guilty plea resulting from the allegation of ineffective assistance of counsel is denied.

App. p. 180-183.

Here, Judge Goodstein did not make specific findings of fact or conclusions of law concerning alleged parole misadvice. If a PCR judge failed to make specific findings, Petitioner was required to file a timely SCRA Rule 59(e) motion requesting that the PCR court make specific findings on any claim raised but not ruled upon. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review ....").

Having not filed a Rule 59(e) motion and therefore not having gotten findings of facts nor conclusions of law on his allegation, Petitioner nonetheless filed a pro se "Initial Pro Se Brief of Petitioner" which presented his allegation about parole eligibility misadvice. Within that Brief, he asserted that various portions of the PCR transcript, pages 61-62 (testimony of counsel Delgado), page 121 (reply testimony of Petitioner)

18

supports his position[2]. (App. pages 97-98, 157).

"Pursuant to S.C. Code Ann. § 17-27-80 (2003), the PCR judge must make specific findings of fact and state expressly the conclusions of law relating to each issue presented. The failure to specifically rule on the issues precludes appellate review of the issues." Malar v. State, 375 S.C. 407, 653 S.E. 2d 266 (S.C. 2007) quoting Pruitt v. State, 310 S.C. 254, 423 S.E.2d 127 (1992). The Malar court noted that while Rule 59(e) had not been consistently enforced prior to the date of the decision on November 5, 2007, it would be consistently enforced from the date of the decision. As noted, in the instant case the South Carolina Supreme Court denied the petition for certiorari on June 10, 2009, well after the date of the Malar decision. The order of the PCR judge in this matter simply failed to specifically address the allegation raised here and in the pro se brief in the petition for a writ of certiorari from the denial of PCR relief by respondent. When neither PCR counsel nor the petitioner filed a Rule 59(e) motion in the PCR court, the claim was defaulted and not preserved for review.

The petitioner argued that Judge Goodstein's general

---

[2] Neither counsel Delgado or Culler testified that they ever advised Petitioner that he would be eligible for parole at any time. To the contrary, they were only asked whether they thought now that he would be eligible for parole and Delgado stated that he would have to do 85% of his sentence (see Section 24-13-150) and counsel Culler stated that he would have to do 40 years day for day.

conclusion that Petitioner's plea was a knowing and voluntary plea and that Petitioner received constitutionally effective assistance of counsel is a ruling on the specific issue raised here is unpersuasive. The _Malar_ court rejected that position and found that a ruling was insufficient "since it does not set forth specific findings of fact and conclusions of law." _Id._ at 409. Therefore, the issue was not preserved for appellate review. _Id_.

Likewise, the Fourth Circuit has explained, "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice. In other words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court." _Matthews v. Evatt_, 105 F.3d 907 (4th Cir. 1997); _cert. denied_, 522 U.S. 833, 118 S.Ct. 102 (1997).

Thus this ground was not properly exhausted and should be found procedurally defaulted under independent and adequate state procedural rules. _Coleman v. Thompson_, 501 U.S. 722, 111 S.Ct. 2546 (1991). Further, Petitioner has not alleged or demonstrated cause for the default or actual prejudice as a result or that failure to consider the claim will result in a fundamental miscarriage of justice to excuse the default. _Coleman_, 501 U.S. at 750. He is not entitled to habeas relief.

## CONCLUSION

Accordingly for the aforementioned reasons, it is recommended that the respondents' summary judgment motion be granted and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

February 23, 2010